UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| THEOLA BLACKMON, | ) | |
|---|---|---|
| Movant, | ) | |
| vs. | ) | Case No. 4:09CV1986 JCH |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Movant Theola Blackmon's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion"), filed December 2, 2009, and Supplemental Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 ("Supplemental § 2255 Motion"), filed July 27, 2010. (ECF Nos. 1, 9). The motions are fully briefed and ready for disposition.

## BACKGROUND

On August 30, 2007, a federal grand jury returned a four-count superseding indictment against Movant Theola Blackmon ("Movant") and co-defendants Juan Avendano, Jeffrey Hill, Norma A. Ortiz, Demetrius Blackmon, and Wendy N. Brown. (Cause No. 4:07CR399 JCH, ECF No. 22). Count I of the superseding indictment charged all defendants except Norma Ortiz with conspiracy to knowingly and intentionally distribute and possess with the intent to distribute cocaine and marijuana. Count II charged all defendants with conspiracy to knowingly and willfully conduct financial transactions affecting interstate commerce, which involved the proceeds of a specified unlawful activity, with the intent to promote the carrying on of the unlawful activity. Count III sought forfeiture of the property of defendants obtained, directly or indirectly, as a result of the

violation set out in Count I, and used, or intended to be used, in any manner or part to commit or to facilitate the commission of such violation. Count IV sought forfeiture of the property of defendants involved in the violation of Count II, or any property traceable to such property.

On February 12, 2008, Movant pled guilty to Counts I and III of the superseding indictment.[1] (Cause No. 4:07CR399 JCH, ECF Nos. 98, 99). Movant was represented by Mr. Winston K. McKesson. On December 12, 2008, the Court sentenced Movant to one hundred twenty months imprisonment on Count I of the superseding indictment, followed by five years supervised release. (Id., ECF No. 166).[2] On April 30, 2010, the Eighth Circuit Court of Appeals affirmed Movant's sentence. United States v. Blackmon, 373 Fed.Appx. 665 (8th Cir. 2010) (unpublished).

Movant filed his original § 2255 Motion on December 2, 2009. As the Court construes the motion, Movant makes the following claims for relief:

(1) That the Government breached its plea agreement with Movant, by failing to request safety valve relief;

(2) That the trial court erred in denying Movant safety valve relief;

(3) That the portion of the statute under which the Court denied Movant safety valve relief was rendered inapplicable by United States v. Booker, 543 U.S. 220 (2005);

(4) That Movant received ineffective assistance of counsel, in that trial counsel mistakenly inserted his own name in place of Movant's in the plea agreement;

(5) That Movant received ineffective assistance of counsel, in that trial counsel failed to hold the prosecution accountable for failing to move for safety valve relief, as originally agreed to in the plea agreement;

---

[1] In exchange for Movant's plea of guilty to Counts I and III, the Government agreed to move to dismiss Counts II and IV at the time of sentencing.

[2] The Court further entered an order of forfeiture as to Count III. (Cause No. 4:07CR399 JCH, ECF Nos. 166, 170).

(6) That the change in the 100:1 ratio in crack sentencing laws warrants setting aside, vacating, or correcting Movant's sentence;

(7) That Movant's sentence should be set aside, as the career offender guidelines work at cross-purposes to sentencing goals when the defendant's predicate offenses are for "low-level" drug trafficking crimes; and

(8) That the trial court erred in applying the mandatory minimum sentence of ten years.

(§ 2255 Motion, PP. 6-23). In his Supplemental § 2255 Motion, Movant makes the following claims for relief:

(9) That Movant received ineffective assistance of counsel, in that trial counsel failed to conduct an adequate investigation into available mitigating evidence;

(10) That the Government engaged in misconduct, by failing to correct the drug weight attributed to Movant at sentencing;

(11) That the Government engaged in misconduct, by failing to disclose favorable evidence to Movant; and

(12) That Movant received ineffective assistance of counsel, in that trial counsel erroneously advised Movant as to the sentence he would receive.

(Supplemental § 2255 Motion, PP. 5-6).

## **STANDARDS GOVERNING MOTIONS UNDER 28 U.S.C. § 2255**

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack,..." 28 U.S.C. § 2255. Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, can be raised "on collateral review only if the alleged error constituted a 'fundamental defect which inherently results

in a complete miscarriage of justice.'" Reed v. Farley, 512 U.S. 339, 354, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994) (citations omitted).[3]

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994) (citing 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle him to relief.'" Payne v. United States, 78 F.3d 343, 347 (8th Cir. 1996) (quoting Wade v. Armontrout, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "'without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" Shaw, 24 F.3d at 1043 (citation omitted).

## DISCUSSION

### I. Claim Raised On Direct Appeal

As stated above, in Ground 2 of his § 2255 Motion, Movant asserts the trial court erred in denying him safety valve relief. (§ 2255 Motion, PP. 6-7). Movant raised this claim on direct appeal, and the Eighth Circuit denied the claim as follows:

> Blackmon first challenges the district court's finding Blackmon was ineligible for safety valve relief pursuant to 18 U.S.C. § 3553(f)(5) and U.S.S.G. § 5C1.2(a)(5) because the district court accepted the government's recommendation that Blackmon was not truthful in his proffer interviews. "The district court's safety valve findings can be overturned only if they are clearly erroneous." *United States v. Alvarado-Rivera*, 412 F.3d 942, 947 (8th Cir. 2005) (en banc) (citation omitted).
>
> In his plea, Blackmon acknowledged shipping packages of cocaine and packages of marijuana from California to St. Louis, Missouri, and Blackmon later attempted to limit his admission to shipping marijuana only. Blackmon

---

[3] "[A]t least where mere statutory violations are at issue, '§ 2255 was intended to mirror § 2254 in operative effect.'" Reed, 512 U.S. at 353 (quoting Davis v. United States, 417 U.S. 333, 344 (1974)).

- 4 -

> contends the district court clearly erred in finding the drug shipment quantities, arguing a substantial difference existed between the package weights the government's case agent identified and the weights reported by the packaging company, which difference seriously undermined the agent's credibility. Blackmon suggests, because of the discrepancy, the district court should have granted him safety valve relief, presumably because the government witness's testimony was demonstrably unreliable. We note "[w]itness credibility is 'quintessentially a judgment call and virtually unassailable on appeal.'" *United States v. Bolden*, 596 F.3d 976, 982 (8th Cir. 2010) (quoting *United States v. Sicaros-Quintero*, 557 F.3d 579, 582 (8th Cir. 2009)). We conclude the district court's credibility determination here is unassailable.
>
> Even if all of the case agent's testimony were disregarded, ample evidence still supports the district court's finding. For example, Blackmon pled guilty to conspiring to distribute five kilograms of cocaine, yet at the proffer interviews he admitted to, at most, three kilograms, and at allocution denied knowing about cocaine shipments at all. Similarly, Blackmon suggested two of his coconspirators, Jeffrey Hill and Juan Avendano, were conducting drug transactions without Blackmon's involvement, but telephone records and a tape recorded conversation between Blackmon and Hill contradicted this contention. The district court's finding was not clearly erroneous.

United States v. Blackmon, 373 Fed.Appx. at 666-667 (footnote omitted).[4] The Eighth Circuit repeatedly has held that an issue resolved on direct appeal cannot be relitigated in a § 2255 motion. See, e.g., United States v. Wiley, 245 F.3d 750, 752 (8th Cir. 2001), cert. denied, 534 U.S. 1083 (2002); Dall v. United States, 957 F.2d 571, 572 (8th Cir. 1992); Wesley v. United States, 927 F. Supp. 1245, 1248 (E.D. Mo. 1996). Ground 2 of Movant's § 2255 Motion will therefore be denied.

## II.  Claims Addressed On The Merits

### A.  Ground 1

---

[4] The Eighth Circuit further held that any error made by the district court in deferring to the Government's conclusion as to Movant's veracity was harmless, because the district court would have reached the same conclusion had it made its own findings. United States v. Blackmon, 373 Fed.App. at 667-668.

In Ground 1 of his § 2255 Motion, Movant claims the Government breached its plea agreement with Movant, by failing to request safety valve relief. (§ 2255 Motion, PP. 6-7). The Court finds this claim is belied by the terms of the plea agreement itself. Specifically, the plea agreement stated application of the safety valve was not a guarantee, but rather dependent upon a number of factors, including whether Movant truthfully provided the Government with all information and evidence he had concerning the offense. (Cause No. 4:07CR399 JCH, ECF No. 99, P. 8). At no point did the Government unequivocally pledge to request safety valve relief on Movant's behalf, and so Ground 1 must be denied.[5]

**B.     Ground 3**

In Ground 3 of his § 2255 Motion, Movant claims that the portion of the statute under which the Court denied Movant safety valve relief was rendered inapplicable by United States v. Booker, 543 U.S. 220 (2005). (§ 2255 Motion, PP. 8-9). Specifically, Movant maintains that because the United States Sentencing Guidelines are no longer mandatory, "and given that sections [18 U.S.C.] 3553(f)(1) and (f)(4)[6] contain 'critical cross-references' to the guidelines, they cannot function

---

[5] As stated above, in Ground 5 of his § 2255 Motion Movant claims he received ineffective assistance of counsel, in that trial counsel failed to hold the prosecution accountable for failing to move for safety valve relief, as originally agreed to in the plea agreement. (§ 2255 Motion, P. 10). As the Government never promised to move for safety valve relief, Movant's counsel cannot be held ineffective for failing to hold it to such a pledge. Furthermore, as noted by the Government, Mr. McKesson worked zealously, albeit unsuccessfully, to prove Movant's safety valve eligibility. (See Government's Response to Movant's § 2255 Motion ("Government's Response"), PP. 9-10 and attached Exh. 1). Ground 5 must therefore be denied.

[6] 18 U.S.C. § 3553(f) provides in relevant part as follows:
(f)     ....[T]he court shall impose a sentence pursuant to guidelines promulgated by the United States Sentencing Commission under section 994 of title 28 without regard to any statutory minimum sentence, if the court finds at sentencing, after the Government has been afforded the opportunity to make a recommendation, that–
  (1)   the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;...[and]

properly as they were intended and therefore should be severed from the statute under Booker." (Id., P. 9). Movant thus requests that the Court reconsider application of the safety valve provision without reference to §§ 3553(f)(1) and (f)(4). Id.

Upon consideration, the Court finds it need not consider Movant's claim regarding the constitutionality of §§ 3553(f)(1) and (f)(4), as Movant was not denied safety valve relief pursuant to those sections. Rather, as noted above the Court denied the relief because it accepted the Government's assertion that Movant was not truthful in his proffer interviews. The Court's decision thus implicated 18 U.S.C. § 3553(f)(5), which instructs the Court to impose a guidelines sentence without regard to any statutory minimum sentence only if it finds that, "not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense...." Movant's argument as to the constitutionality of §§ 3553(f)(1) and (f)(4) thus is irrelevant, and so Ground 3 of his § 2255 Motion must be denied. See United States v. Rodriguez, 210 Fed.Appx. 869, 873 (11th Cir. 2006) (citation omitted) ("Post-Booker, we continue to require defendants to provide information on all conduct relevant to the offense to qualify for a safety-valve reduction.").

**C.     Ground 4**

In Ground 4 of his § 2255 Motion, Movant claims he received ineffective assistance of counsel, in that trial counsel mistakenly inserted his own name in place of Movant's in the plea agreement. (§ 2255 Motion, P. 10). In order to prevail on a claim of ineffective assistance of counsel, Movant must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064,

---

(4)     the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines....

80 L.Ed.2d 674 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, Movant must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if Movant satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. Id. at 691. Movant must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. In the context of a guilty plea, to demonstrate prejudice Movant must show that, but for counsel's error, he would not have pled guilty, but would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Upon consideration, the Court finds that with this claim, Movant fails to satisfy either prong of the Strickland test. With respect to deficient performance, the Court's review of the record reveals Mr. McKesson did inadvertently transpose his name for that of Movant's on page two of the plea agreement.[7] Upon consideration, however, the Court does not find that with this single error, Mr. McKesson's performance fell outside the wide range of professionally competent assistance sanctioned by Strickland. Furthermore, the Court finds Movant fails to demonstrate the requisite prejudice; in other words, he fails to show that, but for counsel's error in transposing the names, he would not have pled guilty, but would have insisted on going to trial. Hill, 474 U.S. at 59. Ground 4 is denied.

**D.     Grounds 6 And 7**

In Ground 6 of his § 2255 Motion, Movant asserts the change in the 100:1 ratio in crack sentencing laws warrants setting aside, vacating, or correcting his sentence. (§ 2255 Motion, PP. 12-

---

[7] Paragraph 1, line 4 mistakenly reads "defendant McKesson," rather than "defendant Blackmon." (See Cause No. 4:07CR399 JCH, ECF No. 99, P. 2).

16). In Ground 7, Movant asserts his sentence should be set aside, as the career offender guidelines work at cross-purposes to sentencing goals when, as is the case here, the defendant's predicate offenses are for "low-level" drug trafficking crimes. (Id., PP. 16-18). Upon consideration, the Court agrees with the Government that these two claims have no bearing on Movant's conviction or sentence. (Government's Response, PP. 10-11). With respect to the crack cocaine sentencing disparity, it is undisputed that Movant was charged and convicted of an offense involving cocaine and marijuana; crack cocaine is mentioned in neither the superseding indictment nor the Presentence Investigation Report. Furthermore, the Court finds Movant's issue regarding the career offender guidelines is irrelevant, as Movant was not sentenced as a career offender.[8] Under these circumstances, Grounds 6 and 7 must be denied.

### E. Ground 8

In Ground 8 of his § 2255 Motion, Movant asserts the trial court erred in applying the mandatory minimum sentence of ten years. (§ 2255 Motion, PP. 19-23). Movant's claim is based on his allegations that (1) the Presentence Investigation Report relied on a drug quantity that was neither admitted by Movant, nor found by a jury, in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000), Booker, and their progeny; and (2) the Court erred in treating the Sentencing Guidelines as mandatory, rather than advisory. (Id.). Upon consideration, the Court again finds Movant's claims are belied by the record. With respect to claim 1, the Court notes that during his change of plea proceeding, Movant acknowledged under oath that the cocaine quantity at issue was not less than five kilograms.[9] (See Cause No. 4:07CR399 JCH, ECF No. 182, PP. 8, 18-19). Movant further

---

[8] As established by the Presentence Investigation Report, Movant's criminal history category was I. (Cause No. 4:07CR399 JCH, ECF No. 165, P. 8).

[9] The agreed-to drug quantity also was referenced in the Presentence Investigation Report, to which Movant failed to file objections.

acknowledged his understanding that the charges he was pleading guilty to carried a mandatory minimum sentence of imprisonment of at least ten years. (Id., P. 10). Further, with respect to claim 2, the Court notes that it specifically referred to the sentencing guidelines as *advisory* during Movant's sentencing hearing. (See Cause No. 4:07CR399 JCH, ECF No. 217, P. 25). Under these circumstances, the Court finds application of the mandatory minimum sentence was appropriate, and Ground 8 must be denied.

### F.  Ground 9

Ground 9 of Movant's Supplemental § 2255 Motion is labeled ineffective assistance of counsel, and states in its entirety as follows: "Counsel failed to conduct adequat [sic] investigation in to available mitigating evidence." (Supplemental § 2255 Motion, P. 5). Upon consideration, the Court notes that Movant fails to specify the allegedly available mitigating evidence his attorney failed to investigate. Absent such specificity, Movant cannot demonstrate the prejudice required by Strickland, and so Ground 9 of his Supplemental § 2255 Motion must be denied.

### G.  Ground 10

In Ground 10 of his Supplemental § 2255 Motion, Movant asserts the Government engaged in misconduct, by failing to correct the drug weight attributed to Movant at sentencing. (Supplemental § 2255 Motion, P. 5). Movant offers no evidence in support of this contention, and as noted above, Movant acknowledged under oath during his change of plea hearing that the cocaine quantity at issue was not less than five kilograms, the amount on which his sentence eventually was based. (See Cause No. 4:07CR399 JCH, ECF No. 182, PP. 8, 18-19). The Eighth Circuit has held that, "'[s]olemn declarations in open court carry a strong presumption of verity.'" Smith v. Lockhart, 921 F.2d 154, 157 (8th Cir. 1990), quoting Blackledge v. Allison, 431 U.S. 63, 74, 97 S.Ct. 1621,

1629, 52 L.Ed.2d 136 (1977). Under these circumstances, the Court finds no evidence of prosecutorial misconduct, and Ground 10 must be denied.

**H.     Ground 11**

Ground 11 of Movant's Supplemental § 2255 Motion, labeled "Prosecution Misconduct," states in its entirety as follows: "Prosecution misconduct failure to disclose to the defendant evidence favorable to defendant." (Supplemental § 2255 Motion, P. 5). Movant offers no indication of the nature of the allegedly withheld evidence, however, and thus fails to establish a claim for a violation of Brady v. Maryland, 373 U.S. 83 (1963). See Johnson v. Mitchell, 585 F.3d 923, 934-935 (6th Cir. 2009) (petitioner advanced "no specific allegations relating to his Brady claim that would entitle him to habeas relief"); Schlup v. Bowersox, 1996 WL 1570463 at *45 (E.D. Mo. May 2, 1996) (petitioner's Brady claim fails due to its conclusory nature). Ground 11 is denied.

**I.     Ground 12**

In his final claim, Movant asserts he received ineffective assistance of counsel, in that trial counsel erroneously advised Movant as to the sentence he would receive. (Supplemental § 2255 Motion, P. 6) Upon consideration, the Court finds that with this claim Movant fails to demonstrate the requisite prejudice. As noted above, Movant acknowledged during the change of plea proceeding his understanding that the charges he was pleading guilty to carried a mandatory minimum sentence of imprisonment of at least ten years. (See Cause No. 4:07CR399 JCH, ECF No. 182, P. 10). Furthermore, Movant's plea agreement indicated the statutory penalty was a term of imprisonment of not less than ten years. (Id., ECF No. 99, P. 14). Under these circumstances, Movant fails to demonstrate a reasonable probability that, but for counsel's allegedly unprofessional error, the result of his proceeding would have been different. Strickland, 466 U.S. at 694. Ground 12 is denied.

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motions to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF Nos. 1, 9) are **DENIED,** and his claims are **DISMISSED** with prejudice. An Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Movant cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).

Dated this 5th day of June, 2012.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE